## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

MASSIMILIANO CALI, et al.,

Plaintiffs-Appellees,

v.

DONALD J. TRUMP, et al.,

Defendants-Appellants.

On Appeal from the U.S. District Court for the District of Columbia

## APPELLEES' SUR-REPLY IN OPPOSITION
## TO APPELLANTS' EMERGENCY MOTION FOR A STAY
## PENDING APPEAL

Jason Wright
Patrick Fields*
Scott Johnston*
Erin Rausch*
STEPTOE LLP
1114 Avenue of the Americas
New York, New York, 10036
Telephone: (212) 506-3900
Facsimile: (202) 429-3902

*Application for admission
forthcoming

**SUR-REPLY**

Appellees respectfully submit this sur-reply to address two matters raised for the first time in Appellants' reply.

*First*, Appellants claim that "there is no suggestion that Albanese herself was present in the United States" in connection with the report she submitted to the U.N. General Assembly in October 2024. Reply 6-7. As Appellees noted in their opposition brief, it is a matter of public record that Albanese presented this report in person in New York. Opp'n.16 n.1 (linking to a press conference Albanese gave in New York in connection with her report); *see also Report of the Special Rapporteur on the situation of human rights in the Palestinian territories occupied since 1967, Francesca Albanese*, United Nations, The Question of Palestine, Oct. 1, 2024 (providing video of Albanese delivering her report).[1]

*Second*, Appellants argue in the alternative that, even if Albanese's report is protected by the First Amendment, "Albanese would have been designated for sanctions based solely on her extraterritorial speech." Reply 7. That argument appears neither in the proceedings below nor in

---

[1] https://www.un.org/unispal/document/genocide-as-colonial-erasure-report-francesca-albanese-01oct24/.

1

Appellants' initial motion for a stay. The District Court had no occasion to make such a finding and Appellants made no effort to distinguish the speech for which they sanctioned Albanese from the speech that the record establishes to have occurred in the United States. *See, e.g.*, Attachment 1 to Opp'n (Op.3); Compl. ¶¶ 20-23. A counterfactual argument made for the first time in a reply brief is not a basis on which to grant an emergency stay. *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992).

The motion should be DENIED.

Date: June 3, 2026

Respectfully submitted,

/s/ Jason Wright
Jason Wright
Patrick Fields*
Scott Johnston*
Erin Rausch*
STEPTOE LLP
1114 Avenue of the Americas
New York, New York, 10036

*Counsel for Plaintiff-Appellees*

*Application for admission
forthcoming

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME
LIMITATION**

I hereby certify under Fed. R. App. P. 32(g)(1), that this sur-reply complies with the type-volume limitations of Fed. R. App. P. 27(d)(2). It contains 271 words, not counting sections excluded by the Federal Rules and Local Rules (counted using Microsoft Word). I further certify that the brief complies with the typeface and type-style requirements of Federal Rule of Civil Procedure 32(a)(5) and (6) because it has been prepared in proportionally spaced, 14-point Century Schoolbook style typeface using Microsoft Word 2019.

Date: June 3, 2026                                     /s/ Jason Wright
                                                                      Jason Wright

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, I caused a true and correct copy of the foregoing to be served via the court's ECF system upon all counsel of record. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Date: June 3, 2026                                    /s/ Jason Wright
                                                              Jason Wright