**ORAL ARGUMENT NOT YET SCHEDULED**

**No. 26-5172**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

MASSIMILIANO CALI, et al.,

Plaintiffs-Appellees,

v.

DONALD J. TRUMP, et al.,

Defendants-Appellants.

On Appeal from the U.S. District Court for the District of Columbia

## APPELLEES' MOTION TO HOLD THE APPEAL IN ABEYANCE
## IN CONTEMPLATION OF DISMISSAL OF APPEAL

On June 30, Plaintiffs-Appellees filed a motion in the district court to dissolve the preliminary injunction that is the subject of this appeal. Plaintiffs-Appellees now move this Court to hold the appeal of the preliminary injunction in abeyance pending the district court's resolution of the pending motion to dissolve. Counsel for Defendants-Appellants have been consulted and oppose this motion.

1

Appellees filed this lawsuit and a motion for a preliminary injunction on February 25, 2026 to enjoin Appellants from enforcing sanctions against United Nations special rapporteur Francesca Albanese. The district court granted Appellees' motion for a preliminary injunction on May 13, 2026. This Court stayed that preliminary injunction on June 15, 2026.

The preliminary injunction was sought as interim relief to ameliorate immediate and ongoing harms, but it is no longer capable of doing so given the stay. Appellees' only remaining interest is to move this case to an unimpeded adjudication of the final merits as quickly as possible.

For this reason, Appellees moved the district court on June 30 to dissolve the preliminary injunction under the indicative ruling mechanism of Federal Rule of Civil Procedure 62.1. If the district court issues the requested indicative ruling, Appellees will promptly notify this Court as required by Federal Rule of Appellate Procedure 12.1, and this Court can remand for the limited purpose of allowing the district court to dissolve the injunction. Once the injunction is dissolved, this Court can dismiss the appeal as moot. To streamline

this process without unnecessary expenditure of the parties' and this Court's resources, Appellees now ask this Court to hold the appeal in abeyance pending a decision on the motion to dissolve.

The decision to hold an appeal in abeyance is committed to the discretion of this Court, and the primary consideration is the promotion of judicial economy. A secondary concern is prejudice to the parties. Here, there is no doubt that abeyance promotes judicial economy, and Appellants will suffer no prejudice insofar as the abeyance does nothing more than streamline the outcome that Appellants have sought all along. This Court should hold the appeal in abeyance.

## BACKGROUND

On May 13, 2026, the district court granted Appellees' motion for a preliminary injunction. Mem. Op. and Order (Dkts. 48–49). On May 15, Appellants noticed an interlocutory appeal and sought a stay pending appeal in the district court. Not. of Appeal and Mot. to Stay (Dkts. 50, 51, 53). The district court denied that request. Order (Dkt. 55). Appellants then moved this Court for a stay. Mot. for Stay, D.C. Cir. No. 26-5172 (Doc. No. 2174442, 5/1/2026).

On June 15, this Court granted a stay pending appeal subject to the condition that Appellants not rescind the OFAC licenses issued in the summer of 2025. Per Curiam Order, D.C. Cir. No. 26-5172 (Doc. No. 2178858, 6/15/2026). As a practical matter, the stay returned the parties to the posture that existed when this litigation began.

Given the administrative nature of the proceeding, there is unlikely to be a need for any discovery, and the parties are likely to proceed to final judgment within a few months. To expedite and simplify the proceedings, Appellees moved the district court to dissolve the preliminary injunction, specifically seeking an indicative ruling. Mot. to Dissolve, Mem. iso Mot. to Dissolve (Dkts. 60, 60-1). In that motion, Appellees foreswore any intention to seek further interim relief pending judgment. Mem. iso Mot. to Dissolve (Dkt. 60-1) at 6, 8. The district court ordered Appellants to respond to the pending motion by July 14. July 1, 2026 Minute Order.

## ARGUMENT

"[T]he primary reason for holding a case in abeyance is to promote judicial economy. 'It is a cardinal virtue of Article III courts to avoid unnecessary decisions and to promote voluntary resolutions

where appropriate.'" *Utah by & through Cox v. EPA*, No. 23-1157, 2025 WL 1354371, at *2 (D.C. Cir. May 2, 2025) (statement of Rao, J.). The primary reason "[a]beyance may be warranted" is "when there are legitimate developments that could obviate the need for judicial review." *Id.*

A second, but lesser, concern is "potential prejudice to the parties." *Id.* But "[e]ven when abeyance is opposed and a party points to some hardship, the possibility of inconvenience will not categorically outweigh the need for the sound use of judicial resources. . . . The court will instead consider the nature and degree of any alleged hardship." *Id.* (internal citation omitted). In particular, where the "challenger will not be subject" to the putatively harmful effects of the order under appeal—"such as when the [order] has been stayed—a legitimate interest in judicial economy will likely prevail over any alleged hardship." *Id.*

Both considerations warrant holding the appeal in abeyance here. *First,* holding the appeal in abeyance will promote judicial economy. FRCP 62.1 and FRAP 12.1 are tailor made for circumstances such as these. Rule 62.1 permits a district court to decide a motion for

relief that it temporarily lacks the jurisdiction to grant because an appeal is pending. Rule 12.1 then affords a streamlined appellate procedure to enable a prompt remand for further proceedings while retaining jurisdiction to ensure the case has truly become moot. Fed. R. App. P. 12.1; *see also, e.g.*, *AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State*, No. 25-00400 (AHA), 2025 WL 2457684, at *2 n.1 (D.D.C. Aug. 25, 2025) (observing that "the proper avenue would be for the Court to address that issue through an indicative ruling"); *Tincher v. Noem,* No. 0:25-cv-04669, 2026 WL 622745 (D. Minn. Mar. 5, 2026); *Tincher v. Noem*, No. 0:25-cv-04669, 2026 WL 948946 (D. Minn. Apr. 8, 2026).

Here, if the district court issues the requested indicative ruling, Appellees will promptly notify this Court, and this Court can grant a limited remand to allow the district court to dissolve the injunction. Once the injunction is dissolved, this Court can dismiss the appeal as moot. If the district court denies Appellees' motion, this Court can lift the abeyance and proceed with the appeal on the schedule it deems appropriate.

The litigation in *Tincher v. Noem* demonstrates the utility of an abeyance in similar circumstances. There, the district court entered a

6

preliminary injunction that prohibited the government from activity related to immigration enforcement in Minnesota. *Tincher v. Noem,* No. 0:25-cv-04669, 2026 WL 622745 (D. Minn. Mar. 5, 2026). After the government appealed the preliminary injunction and obtained a stay pending appeal, plaintiffs asked the Eighth Circuit to hold the appeal in abeyance while they sought an indicative ruling from the district court to dissolve the injunction on the basis that it was moot due to changed circumstances. *Id.* at *2. The Eighth Circuit held the appeal in abeyance, the district court issued an indicative ruling that it would dissolve the injunction, and the plaintiffs noticed the decision to the Eighth Circuit as required by FRAP 12.1. *Id.* at *4. The court of appeals then remanded for the limited purpose of allowing dissolution, the district court dissolved the injunction, and the appeal was dismissed as moot without unnecessary appellate litigation. *Tincher v. Noem,* No. 0:25-cv-04669, 2026 WL 622745 (D. Minn. Mar. 5, 2026) (indicative ruling); *Tincher v. Noem,* No. 0:25-cv-04669, 2026 WL 948946 (D. Minn. Apr. 8, 2026) (dissolution of preliminary injunction).

Analogously, in *United States v. Quinn*, when informed that a party planned to file a motion for new trial in the lower court, this

Court "[held] the case in abeyance until the District Court either denies the Rule 33 motion [for a new trial], or certifie[d] 'its intention to grant the motion.'" *United States v. Quinn*, 475 F.3d 1289, 1290 (D.C. Cir. 2007), *as amended* (Feb. 6, 2007). This Court highlighted the value of staying the appeal to conserve judicial resources and avoid unnecessary litigation in a matter "that may ultimately be mooted by the grant" of the motion below. *Id.* at 1291.

*Second*, abeyance will not prejudice Appellants. Appellants appealed to be free of the preliminary injunction. For practical purposes, given the timeline for litigation below, the stay of the preliminary injunction gave Appellants all they could hope to obtain on appeal. Holding the appeal temporarily in abeyance leaves Appellants in the same position they occupy now. Should the district court ultimately dissolve the injunction, then Appellants will obtain precisely the relief they are seeking from this Court, leaving the appeal moot. By contrast, requiring the parties to proceed with appellate litigation while the district court considers dissolution would impose unnecessary costs and risks duplicative proceedings over provisional relief that Appellees no longer seek to preserve.

## CONCLUSION

For the foregoing reasons, Appellees respectfully request that the Court hold this appeal in abeyance pending the district court's resolution of Appellees' motion to dissolve the preliminary injunction.

Date: July 6, 2026                    Respectfully submitted,

<u>/s/ Jason Wright</u>
Jason Wright
Patrick Fields
Scott Johnston
Erin Rausch*
STEPTOE LLP
1114 Avenue of the Americas
New York, New York, 10036
Tel: (212) 506-3900
jwright@steptoe.com

*Application pending

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

I hereby certify under Fed. R. App. P. 32(g)(1) that this motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2). It contains 1,449 words, not counting sections excluded by the Federal Rules and Local Rules (counted using Microsoft Word). I further certify that the brief complies with the typeface and type-style requirements of Federal Rule of Civil Procedure 32(a)(5) and (6) because it has been prepared in proportionally spaced, 14-point Century Schoolbook style typeface using Microsoft Word 2019.

Date: July 6, 2026                                                /s/ Jason Wright
                                                                  Jason Wright

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I caused a true and correct copy of the foregoing to be served via the court's ECF system upon all counsel of record. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Date: July 6, 2026                                   /s/ Jason Wright
                                                     Jason Wright